UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN C. CANNING, JR., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 5-15-B-K |
| | ) |
| BROAN-NUTONE, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER ON PLAINTIFFS' MOTION *IN LIMINE* REGARDING
PRODUCT PROVENANCE

The plaintiffs have filed a motion requesting that the Court preclude the introduction of evidence at trial that would tend to establish that the product in question, an exhaust fan, contained a replacement motor of unknown provenance. (Mot. *in Limine*, Doc. No. 72.) The motion is not drawn on a blank slate. The Court has already addressed the provenance issue in more than one conference and has authorized the parties to conduct supplemental discovery to sort the matter out. That discovery apparently remains inconclusive as of this date. I do not intend to rehash the history of the dispute here. It is sufficient to say that the matter of whether any past discovery conduct warrants a sanction of exclusion has already been determined, implicitly, by the Court's order enabling the parties additional time to resolve the matter through discovery and to address it in the defendant's renewed summary judgment motion. The supplemental discovery pursued by the plaintiffs consisted of a third-party deposition of Mr. James Dowell, an employee of A.O. Smith, a firm that manufactures electronic components for various products, including the replacement motor in the subject exhaust fan. If that discovery effort failed to resolve the matter, it is difficult to lay the blame at the defendant's door.

Ultimately, the plaintiffs' plaint is that the defendant ought not be able to introduce a question of provenance[1] into the case without also assuming the obligation to fully discover and disclose all the information it has the ability to access, particularly as it is in the better position to uncover discoverable information.  Of course, this predicament illustrates the essence of civil discovery generally.  Although a defendant may know facts or possess evidence essential to the plaintiffs' case, there is no obligation under the Rule 26(a) to affirmatively disclose that evidence unless a party may use it to support its own claims or defenses.  Here, the question of provenance is a question essential to the plaintiffs' claim, as the Court already concluded in the "significant change" discussion of its summary judgment order, Canning v. Broan-Nutone, LLC, 480 F. Supp. 2d 392, 407-410 (D. Me.  2007) (discussing the significance of the Restatement (Second) of Torts § 402A and related commentary).  Thus, it is a debatable question, at best, whether an automatic disclosure obligation arises here because evidence related to product provenance does not support the defendant's "defense," *per se*, but is more in the nature of evidence that would "impeach" the plaintiffs' claim that the defendant is liable for any defect in the fan.

In any event, the plaintiffs do not argue that the defendant had an independent obligation to disclose facts concerning provenance pursuant to Rule 26(a), only facts that might have been

---

[1]  This motion is couched as a motion to preclude evidence of "substantial modification."  I gather plaintiffs want *any* evidence that a replacement motor was put into this fan to be excluded, a fact which was long ago discovered and is part of the evidence of this case.  As I understand the evidence of "substantial modification," there basically is no affirmative evidence on that question.  The plaintiffs have the Dowell testimony about the replacement motor which gets them over the summary judgment hurdle based upon the earlier rulings in the case.  Defendant has no evidence that the motor was not a motor manufactured for them, just an argument that the Dowell testimony does not prove that it is.  Thus the question is quintessentially a factual determination based upon circumstantial evidence since the court has ruled that there is sufficient evidence that it is defendant's motor to allow the matter to proceed to trial.  In my view plaintiffs' motion would gain some traction if defendant were now trying to argue through expert testimony that the replacement motor somehow substantially modified the original fan so as to render it defective or that there was expert evidence that the replacement motor was not a motor manufactured for them by A.O. Smith.  As I understand the testimony, they have no such evidence.  Their position is simply that plaintiff cannot prove the replacement motor was manufactured by them for this fan.  None of this relates to the cause and origin of the fire and whether or not it could have been caused only by a defect in this fan.

called for in response to the plaintiffs' specific discovery requests under Rule 26(b).[2]  I have not been persuaded that those requests adequately targeted the provenance issue to require more of the defendant than what it has provided to date.  However, if the defendant comes into possession of statements from any source concerning the provenance question, such as statements it receives from Mr. Dowell that are not also provided by Mr. Dowell to the plaintiffs, it is obligated to supplement its earlier answer to interrogatories 17 and 18 accordingly.

Moving beyond the matters already handled by the Court, on July 17, 2007, I issued a report of telephone conference addressed to the plaintiffs' request that they be able to send to Mr. Dowell a videotape of a dismantling of the exhaust fan motor.  I authorized them to do so in order for there to be some clarification about the replacement motor.  The plaintiffs say that the defendant has been recalcitrant with respect to this effort and has withheld evidence because its counsel, during the phone conference, "indicated for the first time that it would likely be impossible to identify the motor as one manufactured for the Defendant through a visual inspection of the interior of the motor, or even through further testing."  (Mot. *in Limine* at 10.) This representation by counsel simply is not equivalent to withholding evidence.

The plaintiffs' motion *in limine* requesting an exclusionary sanction under Rule 37 (Doc. No. 72) is DENIED.  Defendant may introduce evidence that a replacement motor was placed in the fan; whether the jury is satisfied that the replacement motor was manufactured by A.O. Smith for the fan in question will be one of the factual determinations they will have to make in determining the issue of liability in this case.

*So Ordered.*

September 13, 2007                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

---

[2]  The plaintiffs cite Rule 26(e)(2), which addresses the supplementation of prior responses to interrogatories and other discovery requests, not supplementation of prior disclosures under Rule 26(a). (Mot. *in Limine* at 12.)

3